**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CHARLES MACK ANDERSON, | : | |
| Plaintiff, | : | Case No. 3:12cv00139 |
| vs. | : | District Judge Timothy S. Black<br>Magistrate Judge Sharon L. Ovington |
| WALTER H. RICE, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. Introduction

Plaintiff brings this case *pro se* concerning a prior federal criminal case brought against him in this judicial district.  He names as defendants a number of individuals connected with his prior case:  United States District Judge Walter Herbert Rice, United States Magistrate Judge Michael R. Merz, Assistant United States Attorney Laura I. Clemmens, Federal Public Defender Cheryll A. Bennett, and Deputy United States Marshal Jeremy Rose.  Plaintiff asserts the he was wronged by the named defendants because they "failed to observe that [he] was not in any violation in the Southern District of Ohio."  (Doc. #4, PageID at 46).  Plaintiff seeks 9.5 million dollars in damages.  He further seeks an Order reinstating his driver's license and removing all felony convictions

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

from his record; he refers, without explanation, to "my birth certificat[e] and my SSA for my Social Security card"; and he states, "I would like to have all my dental fixed." *Id*. at 47.

## II.     **Applicable Standards**

The Court previously granted Plaintiff leave to proceed *in forma pauperis*. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). If Plaintiff's Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *See Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Plaintiff's Complaint may also be dismissed under §1915(e)(2)(B) if it fails to state a claim upon which relief may be granted. "[A] complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007)); *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Additionally, because Plaintiff is proceedings *pro se*, his Complaint is held to 'less stringent standards than formal pleadings drafted by lawyers,' and ... [is] liberally construed." *Curtin*, 631 F.3d at 383 (citation omitted); *see Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009).

### III.     Background

Construing Plaintiff's Complaint liberally in his favor, he seeks to recover money damages from the named Defendants because he was convicted of a federal criminal offense that he did not commit. His Complaint provides scant information about his prior federal criminal case; it is therefore necessary to turn to this Court's own public records to gain a better understanding of his claim. *See Bassett v. National Collegiate Athletic Assc.,* 528 F.3d 426, 430 (6th Cir. 2008)(proper to consider public records when reviewing a Complaint for failure to state a claim upon which relief could be granted); *see also Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002) ("Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.").

On June 28, 2006, Anderson was convicted in Florida of a criminal offense underlying his obligation to register as a sex offender. (*United States v. Charles Mack Anderson*, 3:07cr168, Doc. #40). His registration obligation doubtlessly arose because federal law, since 1994, "has required States, as a condition for the receipt of certain law enforcement funds, to maintain federally compliant systems for sex-offender registration and community notification." *Carr v. United States*, __U.S.__, 130 S.Ct. 2229, 2232 (2010).

One month later, on July 27, 2006, Congress enacted, and the President signed, the Sex Offender Registration and Notification Act (SORNA). *Id*.; *see United States v. Trent*, 654 F.3d 574, 578 (6th Cir. 2011). Through SORNA, Congress sought to make the state sex-offender registration "schemes more comprehensive, uniform, and effective ...." *Carr v. United States*, __U.S.__, 130 S.Ct. 2229, 2232 (2010). "Among its provisions, [SORNA] established a federal criminal offense covering, *inter alia,* any person who (1) 'is required to register under [SORNA],' (2) "travels in interstate or foreign commerce,' and (3) 'knowingly fails to register or update a registration.'" *Carr*, __ U.S. __, 130 S.Ct. at 2232 (quoting, in part, 18 U.S.C. § 2250(a)).

On September 20, 2007, a criminal complaint was filed in this Court alleging that Defendant Charles Mack Anderson (Plaintiff in this case) knowingly failed to register as a sex offender as SORNA mandates. The criminal complaint was based on the affidavit of Deputy United States Deputy Jeremy C. Rose. (*United States v. Charles Mack*

4

*Anderson*, Case No. 3:07cr168, Doc. #1).  United States Magistrate Judge Michael R. Merz issued an arrest warrant that same day, and Anderson was soon arrested.

Upon learning of Anderson's arrest and his lack of financial means, Magistrate Judge Merz appointed attorney Cheryll A. Bennett from the Federal Public Defender's Office to represent him.  Magistrate Judge Merz then presided over Anderson's initial appearance and ordered that he be detained pending a detention hearing.  Later, at the conclusion of the detention hearing, Magistrate Judge Merz continued Anderson's detention.  Throughout the pretrial proceedings in Anderson's criminal case, Assistant United States Attorney (AUSA) Laura I. Clemmons represented the Government.

On October 24, 2007, a federal grand jury indicted Anderson on one count of failing to register as a sex offender in violation of SORNA, 18 U.S.C. §2250(a).  The indictment alleged that Anderson had traveled in interstate commerce between August 19, 2007 and September 11, 2007 and knowingly failed to register as a sex offender.  (*United States v. Charles Mack Anderson*, Case No. 3:07cr168, Doc. #12).

On December 28, 2007, Anderson entered into a plea agreement, which both he and AUSA Clemmons executed.  In light of Anderson's guilty plea, United States District Judge Walter Herbert Rice entered a criminal judgment finding Anderson guilty as charged in the Indictment and sentencing him, in part, to 30 months in jail.  *Id*., Doc. #s 19, 27, 28.

In April 2010, Anderson filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255.  Relying on *United States v. Cain*, 583 F.3d 408 (6th Cir. 2009)

and *United States v. Utesch*, 596 F.3d 302 (6th Cir. 2010), Anderson argued that he was actually innocent of the SORNA violation because his interstate travel occurred before August 1, 2008, the date SORNA became effective.[2] (*United States v. Charles Mack Anderson*, 3:07cr168, Doc. #33, PageID at 84-85).

On June 1, 2010, the United States Supreme Court held that SORNA does not apply to sex offenders whose interstate travel occurred before the date SORNA became effective. *Carr v. United States*, __ U.S. at __, 130 S.Ct. at 2242. Soon thereafter, Magistrate Judge Merz issued a Report and Recommendation concluding that Anderson was actually innocent because the United States Court of Appeals for the "Sixth Circuit has held that the acts he committed are not criminal acts because SORNA does not apply to him." (*United States v. Charles Mack Anderson*, 3:07cr168, Doc. #40, PageID at 184). District Judge Rice adopted the Report and Recommendations, granted Anderson's Motion to Vacate, and dismissed with prejudice the indictment against him. *Id.*, Doc #41.

## IV.    Discussion

Accepting Anderson's allegations as true and liberally construing his pro Complaint in his favor, he claims that each named defendant violated his constitutional rights due to their activities during his prior federal criminal case. Such claims potentially arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

[2] For an explanation of why SORNA became effective on August 1, 2008, see *Utesch*, 596 F.3d at 306-07.

*Narcotics,* 403 U.S. 388, 392-97 (1971) (private right of action may be implied from the Constitution itself for allegations of constitutional violations made against federal employees or their agents).

### A. <u>Absolute Immunity</u>

Beginning with Plaintiff's claims against Magistrate Judge Merz and District Judge Rice, nothing in his Complaint or in the public records concerning his prior federal criminal case overcomes the doctrine of absolute judicial immunity. The doctrine of absolute immunity applies to judges who engage in "paradigmatic judicial acts, or acts of actual adjudication, i.e., acts involved in resolving disputes between parties who have invoked the jurisdiction of the court." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Unless judges engage in non-judicial acts or act in the clear absence of jurisdiction, absolute immunity protects judges from civil suits, even if the judge "acts erroneously, corruptly, or in excess of jurisdiction." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985).

Absolute immunity applies to District Judge Rice and Magistrate Judge Merz in this case because the decisions and orders during Anderson's prior criminal case constituted acts of actual adjudication. Although Anderson was, for a while, under the cloud of a criminal conviction of which he was later found to be actually innocent, this was during a time when the issue of SORNA's retroactivity had not been resolved by the Supreme Court. Thus, the application of SORNA to Anderson, the decision to accept his guilty plea, and the sentence he received did not violate his constitutional rights. Both

7

District Judge Rice and Magistrate Judge Merz, moreover, engaged in paradigmatic judicial acts throughout Anderson's prior federal criminal case and did not engage in non-judicial acts or act clearly without jurisdiction at any point during Anderson's prior criminal case. Absolute immunity therefore shields them from Anderson's claims. *See Barrett*, 130 F.3d at 254; *see also King*, 766 F.2d at 965.

Absolute immunity likewise applies to AUSA Clemmens for the acts she took to represent the Government and prosecute Anderson's prior federal criminal case. *See Koubriti v. Convertino*, 593 F.3d 459, 467-68 (6th Cir. 2010) (prosecutors are absolutely immune for "appearances at probable cause and grand jury hearings; evaluation of evidence and presentation of that evidence at pre-trial and trial proceedings; and preparation of witnesses for trial." (internal citations omitted)). Although the prosecution against Anderson eventually collapsed when case law resolved the SORNA/retroactivity issue in his favor, AUSA Clemmons' decision to advance contrary arguments constituted "prosecutorial advocacy" against Anderson, triggering absolute immunity. *See id.* (and cases cited therein); *see also Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)(absolute immunity shields prosecutor from civil claims for activities "intimately associated with the judicial phase of the criminal process....").

Accordingly, absolute immunity bars Anderson's claims against District Judge Rice, Magistrate Judge Merz, and AUSA Clemmons.

**B.     Attorney Bennett and Deputy Marshal Rose**

Plaintiff seeks to recover monetary damages from his counsel, Public Defender Cheryll Bennett, for acts she took during his prior criminal case.

> In order to state a cause of action under *Bivens,* the plaintiff must allege facts which show that the individual defendant acted "under color of federal authority" and was personally involved in the deprivation of the plaintiff's constitutional rights. *See, e.g., Browning v. Clinton,* 292 F.3d 235, 250 (D.C. Cir. 2002) (explaining that action under "color of federal authority" is critical to a *Bivens* claim); *Gossmeyer v. McDonald,* 128 F.3d 481, 495 (7th Cir. 1997) (explaining that personal involvement is required to state a claim under *Bivens* ).

*Mueller v. Gallina*, 137 Fed.Appx. 847, 850 (6th Cir. 2005); *see Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (6th Cir. 1996).

As discussed previously, attorney Bennett was appointed to represent Anderson in his prior federal criminal case, and she represented Anderson through the time of his guilty plea and sentencing.  Yet, Anderson's claim against attorney Bennett fails as a matter of law because her appointment as Anderson's criminal defense attorney did not transform her into a federal official subject to potential liability under *Bivens*.  *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." (quoting *Polk County v. Dodson,* 454 U.S. 312, 325 (1981)); *see also Jackson v. Fed. Pub. Defenders Office*, 2010 WL 446898 at *3 (E.D. Tenn. Feb. 2, 2010) (and cases cited therein)("courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law.").

9

Lastly, Anderson's claim against Deputy Marshal Rose fails as a matter of law because his only involvement in Anderson's prior criminal case concerned the affidavit he submitted in support of the criminal complaint and Anderson's arrest. Anderson's claim against Deputy Marshal Rose fails for two reasons. First, public records establish that Anderson's arrest was based on a facially valid warrant issued by a detached, neutral Magistrate Judge. "An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment ...." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Baker v. McCollan,* 443 U.S. 137, 143-44 (1979)). Second, Anderson's Complaint does not allege that Deputy Marshal Rose's affidavit contained any materially false statements. Indeed, Anderson's guilty plea conclusively established as factual matters that he traveled in interstate commerce between August 19, 2007 and September 11, 2007 and knowingly failed to register as a sex offender. These facts remain true today – even after his conviction was vacated – because it was not incorrect facts that led to his actual innocense. It was the legal conclusion that SORNA was not effective at the time Anderson traveled in interstate commerce without registering as a sex offender. *See United States v. Charles Mack Anderson*, 3:07cr168, Doc. #s 40, 41; *see also Carr,* __U.S. at __, 130 S.Ct. at 2232; *Trent*, 654 F.3d at 578-80. Because the key facts set forth in Deputy Marshal Rose's affidavit were and are true, Anderson's Complaint fails to state a *Bivens* claim against Deputy Marshal Rose.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED under 28 U.S.C. §1915(e)(2)(B);

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.

July 27, 2012

                     s/ Sharon L. Ovington
                     Sharon L. Ovington
                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).