UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES MACK ANDERSON, | : | Case No. 3:12-cv-139 |
|     Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| WALTER H. RICE, *et al.*, | : | |
|     Defendants. | : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 6); AND (2) DISMISSING THIS CASE WITH PREJUDICE**

This civil case is now before the Court pursuant to its Order of General Reference to United States Magistrate Judge Sharon L. Ovington. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and, on July 27, 2012, submitted a Report and Recommendations. (Doc. 6). Plaintiff did not file any objections to the Report and Recommendations.[1] However, Defendant Magistrate Judge Merz filed a conditional objection (Doc. 7) in which Defendant Judge Rice joined (Doc. 9).[2]

---

[1] The Court notes that although proper notice was served upon Plaintiff, the copy of the Report and Recommendation which the Clerk mailed to Plaintiff was returned to the Court due to Plaintiff's failure to apprise the Court of his change of address. (Doc. 8). By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action. *See, e.g., Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (failure to object to a Magistrate Judge's Report and Recommendation, due to delay resulting from party's failure to bring to the court's attention a change in address, constitutes failure to object in a timely manner. Because the Recommendation was mailed to the last known address, it was properly served, and the party waived his right to appellate review). *See also Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994).

[2] Judge Merz points out that the Report recommends that "Plaintiff's Complaint be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)." (Doc. 6). Since judicial immunity is an absolute defense, and Plaintiff could not successfully re-plead his claims so as to avoid that defense, Judge Merz maintains that dismissal of this case must be with prejudice. (Doc. 7 at 1). The Court agrees. Moreover, Judge Rice's addition of Timothy S. Black and Sharon L. Ovington to the caption was presumably inadvertent and does not suffice to join them as parties to this action.

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court determines that the Report and Recommendations should be and is hereby adopted in its entirety.

Accordingly:

1. The Report and Recommendations (Doc. 6) is **ADOPTED**;

2. The Complaint is **DISMISSED WITH PREJUDICE**;

3. A certificate of appealability under 28 U.S.C. § 2253 is **DENIED**; and

4. This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date: 8/16/12                                       *s/ Timothy S. Black*
                                                                    Timothy S. Black
                                                                    United States District Judge